| | |
|---|---|
| 1 | ALISON S. HIGHTOWER, Bar No. 112429 |
| | LITTLER MENDELSON, P.C. |
| 2 | 333 Bush Street, 34th Floor |
| | San Francisco, CA 94104 |
| 3 | Telephone: (415) 433-1940 |
| | Facsimile: (415) 399-8490 |
| 4 | Email: ahightower@littler.com |
| 5 | Attorneys for Defendant |
| | PAYLESS SHOESOURCE, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAQUELIN C. GARCIA, on behalf of herself, all others similarly situated, | Case No. 3:18-cv-7609 |
| Plaintiff, | |
| vs. | **DEFENDANT PAYLESS SHOESOURCE, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446** |
| PAYLESS SHOESOURCE, INC., a Missouri corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | Complaint Filed: November 15, 2018 (Alameda County Superior Court) |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Case No. 3:18-cv-7609

TO THE CLERK OF THE ABOVE ENTITLED COURT, AND TO PLAINTIFF YAQUELIN C. GARCIA AND HER ATTORNEYS OF RECORD:

1. PLEASE TAKE NOTICE that Defendant PAYLESS SHOESOURCE, INC. ("Defendant"), for itself only, hereby removes the state action described herein, filed in the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, and 1446. A true and correct copy of this notice will be filed contemporaneously with the Clerk of the Superior Court for the State of California, County of Alameda, and notice of the removal will be provided to counsel for Plaintiff Yaquelin C. Garcia ("Plaintiff") in accordance with 28 U.S.C. § 1446(d). Defendant makes the following allegations in support of its Notice of Removal:

**I.   Statement of Jurisdiction**

2. This Court has original jurisdiction over this action for two reasons. First: (a) it raises a federal question under 28 U.S.C. § 1331; (b) this Notice of Removal is filed within thirty days (30) after Defendant was served with the Complaint; and (c) the State Court in which this action was commenced is within this Court's district and division.

3. Second, this Court also has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

**II.   Venue and Intradistrict Assignment**

4. Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a). Plaintiff originally brought this action in the Superior Court of the State of California, County of Alameda.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT     2.     Case No. 3:18-cv-7609

5. All civil actions that arise in the County of Alameda shall be assigned to the San Francisco Division or the Oakland Division. Northern District Local Rule 3-2(c)(d), 3-5(b). Thus, assignment to the San Francisco or Oakland Division is proper.

### III. Pleadings, Process, and Orders

6. On November 15, 2018, Plaintiff filed an unverified Class Action Complaint against Defendant and various Doe defendants in the Alameda County Superior Court entitled *Yaquelin C. Garcia, on behalf of herself, all others similarly situated, Plaintiff, v. Payless ShoeSource, Inc., a Missouri corporation; and DOES 1 through 50, inclusive, Defendants*, designated as Case No. RG18928757 (hereinafter, the "Complaint"). (*See* Declaration of Alison Hightower in Support of Defendant Payless ShoeSource, Inc's Notice of Removal to Federal Court Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446 ["Hightower Decl."], ¶ 2.)

7. The Complaint asserts the following causes of action: (a) Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act); (b) Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act); (c) Violation of California Civil Code § 1786 *et seq.* (Investigative Consumer Reporting Agencies Act); (d) Violation of California Civil Code § 1785 *et seq.* (Consumer Credit Reporting Agencies Act); (e) Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198); (f) Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a)); (g) Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203); and (h) Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*). The allegations in the Complaint are incorporated into this notice by reference without admitting the truth of any of them.

8. On November 19, 2018, Defendant was served the Complaint, along with copies of the Civil Case Cover Sheet and Summons, through Defendant's registered agent for service of process, C.T. Corporation System. Attached hereto as **Exhibit A** is a true and correct copy of the Summons and Complaint filed in Alameda County Superior Court and served by Plaintiff through C.T. Corporation System. (Hightower Decl., ¶¶ 2-3.)

9. Attached hereto as **Exhibit B** is a true and correct copy of the Civil Case Cover Sheet served by Plaintiff through C.T. Corporation System.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT   3.   Case No. 3:18-cv-7609

10. Attached hereto as **Exhibit C** is a true and correct copy of the Notice of Hearing issued by Alameda County Superior Court. (Hightower Decl., ¶ 3.)

11. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiff's Proof of Service of Summons filed on November 27, 2018.

12. On December 18, 2018, Defendant filed an Answer in Alameda County Superior Court. Attached hereto as **Exhibit E** is a true and correct copy of Defendant's Answer. (Hightower Decl., ¶ 4.)

13. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Alameda County Superior Court or served by any party other than as described above. To Defendant's knowledge, no proceedings related hereto have been heard in the Alameda County Superior Court. (Hightower Decl., ¶ 5.)

### IV. Timeliness of removal

14. An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 346 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

15. Removal of this action is timely because this Notice of Removal has been filed within thirty days from November 19, 2018, when Defendant was served with the Complaint. *See* 28 U.S.C. § 1446(b). Because Plaintiff personally served the Summons and Complaint upon Defendant's agent for service of process on November 19, 2018, the thirty-day period for removal ends December 19, 2018. As referenced above, this Notice of Removal also contains all process, pleadings and orders that were served on Defendant, and the Answer filed and served by Defendant on December 18, 2018. (*See* Exhibits A-C.)

### V. Federal Question Jurisdiction

16. A district court's federal question jurisdiction extends to those cases in which a "well-plead complaint establish[es] either (1) that a federal law creates a cause of action or (2) that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT           4.           Case No. 3:18-cv-7609

law." *Franchise Tax Bd. v. Construction Laborers*, 463 U.S. 1, 27-28 (1983). The question of whether a claim arises under federal law must be determined by reference to the "well-pleaded complaint." *Id.* at 9-10.

17. Plaintiff presents federal questions to the Court by alleging violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., in the first two causes of action. (See Ex. A, Complaint, ¶¶ 1, 3, 17, 40, 42, 47, 48, 50-54, 58-66.)

18. Therefore, this this matter falls under 28 U.S.C. § 1331 and is removable without regard to amount in controversy or citizenship of the parties.

## VI. CAFA Jurisdiction

19. CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice.

   **a.   The Proposed Class Contains At Least 100 Members.**

20. The provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). This requirement is easily met in the case at bar.

21. In her wage and hour claims under the California Labor Code and Business and Professions Code, Plaintiff seeks to represent a class consisting of "[a]ll persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California" during the period beginning November 15, 2014, and continuing until judgment is entered. (Complaint, ¶14.)

22. Since November 15, 2014, Defendant has employed approximately 9,110 non-exempt employees in California. (*See* Declaration of David Brown in Support of Defendant Payless ShoeSource Inc.'s Notice of Removal to Federal Court Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446 ["Brown Decl."], ¶ 5a.)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT        5.        Case No. 3:18-cv-7609

### b. **Defendant Is Not A Governmental Entity.**

23. CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(B).

24. Defendant is a corporation; it is not a state, state official or other government entity exempt from CAFA.

### c. **There Is Diversity Between At Least One Class Member And One Defendant.**

25. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

26. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain).

27. Plaintiff alleges she is a resident of California. (Complaint, ¶8.) *See Albrecht v. Lund*, 845 F.2d 193, 194-95 (9th Cir. 1988) (finding citizenship requirement satisfied where plaintiff's complaint contained allegations consistent with diversity and plaintiff failed to contest the petition for removal); *see also Anderson v. Watts*, 138 U.S. 694, 706 ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.").

28. Defendant is not a citizen of the State of California. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Payless ShoeSource, Inc. is a corporation organized and incorporated under the laws of the State of Kansas. Defendant's principal place of business is also located in Kansas.

29. The Supreme Court has explained that a corporation's principal place of business is determined under the "nerve center" test. *See Hertz Corp. v. Friend,* 599 U.S. 77, 80-81 (2010).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT     6.     Case No. 3:18-cv-7609

Under the "nerve center" test, the principal place of business is the state where "a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* The Supreme Court further explained in *Hertz* that a corporation's nerve center "should normally be the place where the corporation maintains its headquarters" and that a corporation's nerve center is a "single place." *Id.* at 93.

30. Under these criteria, Defendant's principal place of business is in Topeka, Kansas. Defendant maintains its corporate headquarters at 3231 SE 6th Ave., Topeka, Kansas, 66607-2260. Accordingly, Topeka, Kansas is primarily where Payless ShoeSource's corporate officers direct, control, and coordinate Payless ShoeSource's activities and make operational, executive, administrative and policy-making decisions.

31. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

32. Accordingly, the named Plaintiff is a citizen of a state different from Defendant, and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**d.   The Amount In Controversy Exceeds $5,000,000.**[1]

33. This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all putative class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

34. The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens,* 135 S. Ct. 547, 554 (2014), the Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

---

[1] The alleged damages calculations contained herein are for purposes of removal only. Defendant expressly denies that Plaintiff or the putative class is entitled to any relief whatsoever, and Defendant expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT   7.   Case No. 3:18-cv-7609

threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 554. "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 553.

35. Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

36. For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that the Plaintiff will prevail on her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.")). The ultimate inquiry is what amount is put "in controversy" by plaintiff's complaint, not what defendant might actually owe. *Lewis v. Verizon Comm's, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *accord Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

37. Here, Plaintiff does not allege the amount in controversy in the Complaint as to the putative class.

38. When, as here, the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. Defendant's notice of removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT    8.    Case No. 3:18-cv-7609

39. Plaintiff alleges she and putative class members were not provided rest periods "due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods." (Complaint ¶ 25.)

40. Plaintiff alleges that she and the putative class "were **regularly** not provided with uninterrupted rest periods…due to complying with Defendants' productivity requirements," and further alleges they were not paid premium wages for missed rest periods. (Complaint ¶¶ 26-27 (emphasis added).)

41. Alleging a violation of California's Unlawful Competition Law ("UCL") may extend the statute of limitations for Plaintiff's and the putative class' rest period claims from three to four years from the filing of the Complaint. In this case, the UCL extends the statute of limitations to November 15, 2014. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

    e.   **Failure to Provide Rest Periods**

42. In the Fifth Cause of Action, Plaintiff alleges that "Defendants maintained a policy or practice of not providing members of the Rest Period Sub-Class with net rest period of at least ten minutes for each four hour work period, or major fraction thereof …." (Complaint ¶ 102.) Plaintiff alleges Defendant's "written policies do not provide that employees may take a rest period for each four hours worked …." (Complaint ¶ 104.)

43. The Rest Period Sub-Class is defined as all hourly employee class members who worked a shift of at least three and one-half hours since November 15, 2014. (Complaint ¶ 14.)

44. Plaintiff seeks premium wages for alleged missed rest periods, interest, costs of suit, and attorneys' fees. (Complaint ¶¶ 105-06.) Plaintiff seeks an additional hour's pay per day as compensation for the asserted failure to authorize and permit rest periods.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT    9.    Case No. 3:18-cv-7609

45. While Defendant denies the validity and merit of Plaintiff's rest break claim, for purposes of removal only, based on a preliminary review of their records, Defendant employed approximately 9,110 non-exempt employees working approximately 435,983 workweeks during the statutory period from November 15, 2014 to December 12, 2018. (Brown Decl., ¶ 5a.) The majority of shifts equal or exceed three and one-half hours. (Brown Decl., ¶ 5d.) The average hourly rate for non-exempt employees during the class period is $11.68 (Brown Decl., ¶ 5b.)

46. Using a conservative estimate of one missed rest period every other work week[2], the amount in controversy for the missed rest period claim totals **$2,546,146**). (435,983 workweeks * 0.5 violation per week * $11.68 = $2,546,146).

### f.  Inaccurate Wage Statements

47. Plaintiff's Sixth Cause of Action alleges that "at all relevant times during the applicable limitations period, Defendants have failed to provide" wages statements in compliance with California law. (Complaint ¶ 100.) Plaintiff alleges she and the class members have been injured, and seeks all available statutory penalties, attorneys' fees and costs. (Complaint ¶ 113.)

48. Labor Code Section 226(e) provides for a statutory penalty for violations of Labor Code § 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. Cal. Labor Code § 226(a). The statutory period for Labor Code § 226(e) penalties is one year. Cal. Code Civ. Proc. § 340.

49. Defendant paid its non-exempt employees weekly until January 1, 2018, when it began paying its non-exempt employees biweekly. For purposes of removal, based on a preliminary review of its records, Defendant estimates that it has employed 2,975 non-exempt employees in California during the one year prior to the filing of the Complaint in this action. (Brown Decl., ¶ 5e.)

---

[2] This is an extremely conservative estimate of missed rest periods relative to Plaintiffs' Complaint allegation of a "policy or practice" of not providing rest breaks, and a failure to include written policies describing rets break requirements. It is well-established that a 100% violation rate could be assumed based on these allegation. (Complaint, ¶¶ 102, 104.) *See Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, *4 (May 21, 2015) (allegation of unlawful pattern or practice could support 100% violation rate).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT | 10. | Case No. 3:18-cv-7609

1  Of those 2,975, 1,555 are still employed (approximately 52%). The average weeks worked by non-exempt employees since November 15, 2017 is approximately 28.

50.  Defendant paid its nonexempt employees weekly prior to 2018, and has paid biweekly since January 1, 2018. In total, non-exempt employees have received approximately 46,906 pay stubs since November 15, 2017.

51.  Defendant denies the validity and merit of Plaintiff's wage statement claim.

52.  However, for purposes of estimating the amount in controversy, assuming the current employees worked only 28 weeks, the penalty for each employee would be $1,350 (14 pay periods in 28 weeks). Therefore, the amount in controversy for the Labor Code § 226(a) alone would be **$2,099,250** (1,555 * $1,350).

    **g.**    **Waiting Time Penalties**

53.  In her Seventh Cause of Action, Plaintiff seeks waiting time penalties pursuant to California Labor Code § 203. (Complaint, ¶123.) The statute of limitations for Plaintiff's waiting time penalty claim is three years. *See Pineda v. Bank of Am., N.A.,* 50 Cal. 4th 1389, 1395 (2010) ("[N]o one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages.").

54.  Plaintiff demands up to thirty days of pay as penalty for all employees who terminated employment, with interest, attorneys' fees and costs. (Complaint, ¶¶ 123-24.) Penalties under California Labor Code § 203(a) are calculated at an employee's final daily rate of pay (*i.e.,* the employee's final wage rate times the employee's average shift length) times the number of days of waiting-time penalties (up to 30 days). *Mamika v. Barca*, 68 Cal. App. 4th 487, 492-93 (1998).

55.  Defendant denies the validity and merit of Plaintiff's waiting time penalties claims.

56.  Between November 15, 2015 and December 12, 2018, approximately 6,748 employees have separated from Payless ShoeSource. (Brown Decl., ¶ 5c.)

57.  The average hourly rate for nonexempt California employees who terminated between November 15, 2015 and December 12, 2018 is at least $11.68. (Brown Decl., ¶ 5b.) Assuming an average shift length of 3 hours, the amount in controversy for the waiting time penalty

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT    11.    Case No. 3:18-cv-7609

claim totals **$7,093,497** (6,748 employees * $11.68 per hour * 3 hours per day * 30 days = $7,093,497).

      **h.**    **Attorneys' Fees**

58.    Plaintiff also seeks attorneys' fees and costs in her Complaint. (Complaint, ¶¶106, 113, 124, 147, Prayer for Relief.) It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."); *see* Cal. Labor Code § 226(e) (allowing recovery of attorneys' fees in claim for inaccurate wage statements). The attorneys' fees benchmark in the Ninth Circuit is twenty-five percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent.") (citation omitted); *Lo v. Oxnard Euro. Motors, LLC*, No. 11CV1009 JLS (MDD), 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.") (citation omitted).

59.    As discussed above, the amount in controversy for Plaintiff's claims is at least $11,738,893 ($2,546,146 + $2,099,250 + $7,093,497). Taking into account attorneys' fees at the benchmark percentage of twenty-five percent further increases the amount in controversy by approximately $2,934,723 for a total amount in controversy of at least **$14,673,616.**

60.    Removal of this action is therefore proper as the amount in controversy of Plaintiff's claims is well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2):

/ / /

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT    12.    Case No. 3:18-cv-7609

| Plaintiff's Claim | Amount in Controversy |
|---|---|
| Failure to Provide Rest Periods | $2,546,146. |
| Failure to Provide Accurate Wage Statements | $2,099,250 |
| Waiting Time Penalties | $7,093,497 |
| Attorneys' Fees | $2,934,723 |
| **Total** | **$14,673,616** |

### VII. Notice of Removal to Adverse Party and State Court

61. Following the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Shaun Setareh, Thomas Segal, and Farrah Grant, Setareh Law Group, and a copy of the Notice of Removal will be filed with the Clerk of the Alameda County Superior Court. (Hightower Decl., ¶ 6.)

62. By filing the Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available at law, in equity or otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserve all defenses and motions.

WHEREFORE, Defendant hereby removes this action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

Dated:      December 19, 2018

/s/ Alison S. Hightower
ALISON S. HIGHTOWER
LITTLER MENDELSON, P.C.
Attorneys for Defendant
PAYLESS SHOESOURCE, INC.

FIRMWIDE:161038201.1 093422.1000

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT       13.       Case No. 3:18-cv-7609